IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ASHLEY PORTMAN, individually and on
behalf of all others similarly situated,

                Plaintiff,

    v.

RCN TELECOM SERVICES, LLC,

                Defendant.

NO. 1:15-cv-7258

**DEMAND FOR JURY**

## CLASS ACTION COMPLAINT

Plaintiff Ashley Portman ("Plaintiff"), by her undersigned counsel, for this class action Complaint against Defendant RCN Corporation, and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other related entities (hereinafter referred to as "Defendants"), alleges as follows:

### INTRODUCTION

1.     Plaintiff, individually and as a class representative for all others similarly situated, brings this action against Defendants for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and implementing regulations.

2.     The defendant, or some third party on its behalf, made telemarketing phone calls and texts to plaintiff and others, even though it had received express requests not to do so.

### PARTIES

3.     Plaintiff Ashley Portman ("Plaintiff") is a citizen of Illinois.

4.     Defendant RCN Telecom Services, LLC is a Delaware corporation with its principal place of business in New Jersey.

### JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over Plaintiff's TCPA claims pursuant

to 28 U.S.C. § 1331 because Plaintiff's TCPA claims arise under the laws of the United States, specifically 47 U.S.C. § 227.

6.     This Court has personal jurisdiction over Defendants because they have submitted to Illinois jurisdiction by registering with the Secretary of State to do business in the State of Illinois, and the wrongful acts alleged in this Complaint were directed into Illinois.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions given rise to Plaintiff's claims occurred in this District.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

8.     In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

9.     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii).  The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A).  *See* 47 U.S.C. § 227(b)(3).

10.     The TCPA also makes it unlawful for any entity to make more than one call in a 12-month period to any number that is registered with the National Do-Not-Call Registry or that entity's company specific do-not-call list.  *See* 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2) & (d).  The TCPA provides a private cause of action to persons receiving calls in violation of 47 U.S.C. § 227(c)(5).

11.     The Federal Communication Commission ("FCC") promulgated regulations that "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See* Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Memorandum and Order, 10 F.C.C. Rcd. 12391, 12397 ¶ 13 (1995).

12.     The FCC confirmed this principle in 2013, when it explained that "a seller ….

may be held vicariously liable under federal common law principles of agency for violations of

either section 227(b) or section 227(c) that are committed by third-party telemarketers."  *See In

the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 F.C.C. Rcd. 6574, 6574 (2013).

## FACTUAL ALLEGATIONS

13.     RCN provides consumer telephone and internet service.

14.     In early July, 2015, plaintiff called RCN to inquire about the possibility of

purchasing home phone services.

15.     After a brief discussion, plaintiff decided that she was not interested. Plaintiff

conveyed this to the RCN representative with whom she was speaking.

16.     During this phone call, plaintiff asked that RCN not call her.

17.     Despite plaintiff's express instruction not to call, RCN called plaintiff for

purposes of trying to sell her goods and/or services several times, from caller ID 800-746-4726.

18.     RCN left voice mails on at least two of these calls, on July 16, 2015, and July 20,

2015. Plaintiff has preserved these voice mails, each of which state that they are "RCN" calling.

19.     Additionally, RCN sent plaintiff a text message advertising its goods and services

on July 20, 2015, from caller ID 312-287-5177, that states:

> We are running promotion.
> Give me a call. Moniet Rcn
> cable TV and Internet
> your local sales Rep at
> RCN

20.     Plaintiff did not consent to these telemarketing calls; in fact, plaintiff specifically

requested that RCN *not* call her.

21.     RCN knows that the TCPA prohibits telemarketing calls from being made to

persons who have requested not to receive such.

22.     RCN has the technological and practical capability to immediately cease

telemarketing to persons who ask not to receive such calls.

23.     Upon information and belief, despite this capability, RCN has implemented policies, practices or procedures designed to intentionally and improperly delay honoring such requests, in order to gain more customers.

24.     None of RCN's communications with plaintiff included any direction or opportunity to opt out of future communications.

25.     RCN's policies, practices and procedures for honoring do-not-call requests are not reasonable, and are insufficient to prevent calls from being made to persons who request not to receive such.

26.     RCN employs sophisticated and specialized software and processes, such as Aspect Software Inc., Aspect EQ™ Workforce Optimization™ Suite, Aspect EQ™ Performance Management™ and Aspect EQ™ Quality Management™. This software is specifically designed to allow it near real-time information having to do with its contacts with potential customers. Upon information and belief, this system already tracks, in near real-time, do-not-call requests. If the system does not already do so, it has the capacity to be programmed do so.

27.     Despite that RCN has the technical ability to cease and desist telemarketing nearly instantaneously upon request by a consumer, it has chosen not to do so for its own pecuniary benefit.

28.     Even if the calls that are the subject of this case were not made or initiated by the defendant parent corporate entity RCN Telecom Services, LLC (i.e. if they were made by some affiliate, subsidiary of vendor), the defendant approved the use of its name in messages and calls such as the ones at issue, and therefore should be held liable for such.

29.     Moreover, to the extent that the defendant corporate entity did not make or initiate the calls that are the subject of this case, it derived benefit from such calls by knowingly accepting their advertising benefit, which was successful and complete upon the receipt of such calls. Upon information and belief, some of the calls that are part of this illegal telemarketing campaign were successful in *more* than merely advertising RCN's products and services; some calls resulted in sales.

- 4 -

30.     Finally, to the extent that these calls were not made or initiate by the corporate defendant, the corporate defendant RCN Telecom Services, Inc. had the right to control these calls. For example, if RCN Telecom Services, Inc. issued a resolution that the calls cease, or that the script for these telemarketing calls be altered not to invoke the RCN trademark, whomever is making the calls would follow those instructions.

31.     Plaintiff's privacy has been violated by the above-described calls from, or on behalf of, Defendants and they constitute a nuisance as they are annoying and harassing.

32.     Defendant intends to continue to make similar calls to persons who have explicitly requested that it stop calling them throughout the entire United States.

33.     Plaintiff and all members of the Classes, defined below, have been harmed by the acts of Defendants because their privacy has been violated, they were subject to annoying and harassing calls that constitute a nuisance, and they were charged for incoming calls.

## CLASS ACTION ALLEGATIONS

34.     <u>Class Definition</u>.  Pursuant to Fed. R. Civ. P. 23, Plaintiff brings this case as a class action on behalf of National Classes (collectively referred to as the "Classes") defined as follows:

> <u>Internal Do-Not-Call Class</u>:  All persons in the United States who: (a) received more than one telemarketing call (including texts), initiated by Defendant and/or on Defendant's behalf; (b) promoting Defendants' goods or services; (c) in a 12-month period; (d) on their cellular telephone line or residential telephone line; and (e) at any time in the period that begins four years before the date of filing this Complaint to trial.

35.     <u>Numerosity</u>.  The Class is so numerous that joinder of all members is impracticable.  On information and belief, the Class has more than 1,000 members.  Moreover, the disposition of the claims of the Class members in a single action will provide substantial benefits to all parties and the Court.

36.     <u>Commonality</u>.  There are numerous questions of law and fact common to Plaintiff and members of the Class.  These common questions of law and fact include, but are not limited

to, the following:

a.     Whether Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf violated 47 C.F.R. § 64.1200(d) by initiating any call for telemarketing purposes to Plaintiff and members of the Internal Do-Not-Call Class without following procedures for maintaining a list of persons who request not to receive telemarketing calls;

b.     Whether Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf knowingly and/or willfully violated 47 C.F.R. § 64.1200(d) by failing to follow procedures for maintaining a list of persons who request not to receive telemarketing calls in the future, pursuant to 47 U.S.C. § 227(c)(5)(A), thus entitling Plaintiff and the Internal Do-Not-Call Class to treble damages;

c.     Whether Defendant is liable for telephone calls to persons on Defendants' internal do-not-call list made by Defendants' affiliates, agents, and/or other persons and entities acting of Defendants' behalf;

d.     Whether Defendant's violations were willful and/or knowing;

e.     Whether Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf should be enjoined from violating the TCPA in the future.

37.     <u>Typicality</u>.  Plaintiff's claims are typical of the claims of the Class.  Plaintiff's claims, like the claims of the Class, arise out of the same common course of conduct by Defendants and are based on the same legal and remedial theories.

38.     <u>Adequacy</u>.  Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys with significant experience in complex and class action litigation, including consumer class actions and TCPA class actions.  Plaintiff and her counsel are committed to prosecuting this action vigorously on behalf of the Classes and have the financial resources to do so.  Neither Plaintiff nor her counsel have interests that are contrary to or that conflict with those of the proposed Class.

39.     <u>Predominance</u>.  Defendants have engaged in a common course of conduct toward

Plaintiff and members of the Class. The common issues arising from this conduct that affect Plaintiff and members of the Class predominate over any individual issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

40. <u>Superiority</u>. A class action is the superior method for the fair and efficient adjudication of this controversy. Classwide relief is essential to compel Defendant to comply with the TCPA. The interest of members of the Class in individually controlling the prosecution of separate claims against Defendants is small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

41. <u>Injunctive and Declaratory Relief Appropriate</u>. Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a classwide basis. Moreover, on information and belief, and based on her experience, Plaintiff alleges that the calls made by Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

## **FIRST CLAIM FOR RELIEF**
**(Violations of 47 C.F.R. § 64.1200(d) & 47 U.S.C. § 227(c)(5) – Internal Do-Not-Call List –
Internal Do-Not-Call Class)**

42. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

43. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or

other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of 47 C.F.R. § 64.1200(d), by initiating any call for telemarketing purposes to Plaintiff and members of the Internal Do-Not-Call Class, without having, and without following, reasonable procedures for maintaining a list of persons who request not to receive telemarketing calls ("internal do-not-call list"). This includes Defendants' failure to properly record do-not-call requests, failure to maintain a record of do-not-call requests, and failure to honor do-not-call requests.

44. As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf, violations of 47 C.F.R. § 64.1200(d), Plaintiff and members of the Internal Do-Not-Call Class are entitled to an award of up to $500 in statutory damages for each and every violation of the internal do-not-call list regulation, pursuant to 47 U.S.C. § 227(c)(5)(B).

45. Plaintiff and members of the Internal Do-Not-Call Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from violating 47 C.F.R. § 64.1200(d) by failing to follow procedures for maintaining a list of persons who request not to receive telemarketing calls in the future, pursuant to 47 U.S.C. § 227(c)(5)(A).

## SECOND CLAIM FOR RELIEF
### (Knowing and/or Willful Violations of 47 C.F.R. § 64.1200(d) & 47 U.S.C. § 227(c)(5) – Internal Do-Not-Call List – Internal Do-Not-Call Class)

46. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

47. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple knowing and/or willful violations of 47 C.F.R. § 64.1200(d), by initiating any call for telemarketing purposes to Plaintiff and members of the Internal Do-Not-Call Class without following procedures for maintaining a list of persons who request not to receive telemarketing calls. This

includes Defendant's failure to properly record do-not-call requests, failure to maintain a record of do-not-call requests, and failure to honor do-not-call requests.

48.     As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf knowing and/or willful violations of 47 C.F.R. § 64.1200(d), Plaintiff and members of the Internal Do-Not-Call Class are entitled to an award of treble damages of up to $1,500 for each and every call in violation of the internal do-not-call list regulation, pursuant to 47 U.S.C. § 227(c)(5)(B).

49.     Plaintiff and members of the Internal Do-Not-Call Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating 47 C.F.R. § 64.1200(d) by failing to follow procedures for maintaining a list of persons who request not to receive telemarketing calls in the future, pursuant to 47 U.S.C. § 227(c)(5)(A).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on her own behalf and on behalf of the members of the Classes, prays for judgment against Defendants as follows:

A.     Certification of the proposed Class;

B.     Appointment of Plaintiff as representative;

C.     Appointment of the undersigned counsel as counsel for the Class;

D.     A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E.     An order enjoining Defendant and/or its affiliates, agents, and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

F.     An award to Plaintiff and the Class of damages, as allowed by law;

G.     An award to Plaintiff and the Class of attorneys' fees and costs, as allowed by law and/or equity;

H.     Leave to amend this Complaint to conform to the evidence presented at trial; and

I.     Orders granting such other and further relief as the Court deems necessary, just,

and proper.

## DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

RESPECTFULLY SUBMITTED AND DATED this 17th day of August, 2015.

BURKE LAW OFFICE, LLC

By:  __/s/_____
　　　　Alexander H. Burke
　　　　Email:  aburke@burkelawllc.com
　　　　Daniel J. Marovitch
　　　　Email:  dmarovitch@burkelawllc.com
　　　　155 North Michigan Avenue, Suite 9020
　　　　Chicago, Illinois 60601
　　　　Telephone:  (312) 729-5288
　　　　Facsimile:  (312) 729-5289

　　　　SMITHMARCO, P.C.
　　　　Larry P. Smith
　　　　Email: lsmith@smithmarco.com
　　　　205 North Michigan Avenue, Suite 2940
　　　　Chicago, IL 60601
　　　　Telephone: (312) 324-3532
　　　　Facsimile:　　　(888) 418-1277
　　　　Web:　　　　　www.SmithMarco.com

*Attorneys for Plaintiff and the Proposed Classes*

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that the defendant take affirmative steps to preserve all recordings, data, emails, recordings, documents and all other tangible things that relate to the allegations herein, plaintiff or the putative class members, or the making of telephone calls or texts, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them.  These materials are very likely relevant to the litigation of this claim.  If defendant is aware of any third party that has possession, custody or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials.  This demand shall not narrow the scope of any independent document preservation duties of the defendant.

　　　　　　　　　　　　　　/s/Alexander H. Burke